# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>FINANCIAL INVESTMENTS AND REAL ESTATE, LLC.<br><br>Debtor | Chapter 11<br><br>Case No.22-11150MDC |

## CORRECTED[1] SECOND AMENDED DISCLOSURE STATEMENT FOR DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION

**GELLERT SCALI BUSENKELL & BROWN, LLC**
Michael A. Cataldo, Esquire
1628 JFK Blvd, Suite 1901
Philadelphia, PA19103  Tel: (215) 238-0015
*mcataldo@gsbblaw.com*
*Counsel to the Debtor and Debtor in Possession*

Dated: November 30, 2022

---

[1] This Corrected Second Amended Disclosure Statement reflects the comments of the Court at the hearing held on November 30, 2022.

# TABLE OF CONTENTS

ARTICLE I. ..............................................................................................................................1

SUMMARY OF THE SECOND AMENDED PLAN.................................................................1

    A.    Introduction. .............................................................................................................. 1

    B.    Voting Procedures and Instructions. .......................................................................... 2

    C.    Second Amended Disclosure Statement Enclosures.................................................... 3

    D.    Confirmation of the Second Amended Plan. .............................................................. 3

    E.    Recommendations With Respect to the Second Amended Plan. .................................. 4

    F.    Disclaimer. ................................................................................................................ 4

    G.    Tax and Other Legal Consequences Disclaimer. ....................................................... 6

ARTICLE II. .............................................................................................................................6

HISTORY AND BUSINESS BACKGROUND OF THE DEBTOR.........................................6

    A.    Business Operations. .................................................................................................. 8

SIGNIFICANT EVENTS DURING THE BANKRUPTCY ....................................................9

    A.    The Debtor as Debtor in Possession. ......................................................................... 9

    B.    Claims Bar Dates. ................................................................................................... 10

    C.    Deadline To File Administrative and/or Rejection Damages Proofs of Claims. ............... 10

ARTICLE IV. ..........................................................................................................................11

FINANCIAL STATUS ...........................................................................................................11

    A.    The Debtor's Liabilities. .......................................................................................... 11

    B.    The Debtor's Assets. ............................................................................................... 11

ARTICLE V. ...........................................................................................................................12

DESCRIPTION OF THE SECOND AMENDED PLAN .......................................................12

    A.    Introduction. ............................................................................................................ 12

    B.    Treatment of Unclassified Claims. ........................................................................... 12

    C.    Treatment of Classified Claims and Interests. .......................................................... 14

    D.    Implementation of the Second Amended Plan. ......................................................... 16

    E.    Provisions Governing Distributions Generally. ......................................................... 17

    F.    Treatment of Executory Contracts and Unexpired Leases. ....................................... 21

    G.    Conditions Precedent to Confirmation of the Second Amended Plan and Effective Date. 21

    H.    Effects of Confirmation. .......................................................................................... 23

    I.    Retention of Jurisdiction. ......................................................................................... 24

    J.    Miscellaneous Provisions of the Second Amended Plan. .......................................... 26

ARTICLE VI. ..........................................................................................................................30

MODIFICATION OF THE SECOND AMENDED PLAN ....................................................30

ARTICLE VII. .........................................................................................................................31

CONCLUSION........................................................................................................................31

RECOMMENDATION ...........................................................................................................32

# ARTICLE I.
## SUMMARY OF THE SECOND AMENDED PLAN

### A. Introduction.

Financial Investments and Real Estate, LLC., as debtor and debtor-in-possession ("Debtor or LLC"), pursuant to the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), submit the following Second Amended Disclosure Statement (the "Second Amended Disclosure Statement") with respect to the Debtor's Second Amended Plan of Reorganization (the "Plan" or "Second Amended Plan"). Unless otherwise noted, all capitalized terms used herein have the meanings ascribed to such terms in the Plan.

The Plan is a culmination of events, including efforts to pivot the intended use of the rental property and address the Debtor's outstanding and future obligations. The Plan effectuates the resolution of significant efforts by the debtor to use the premises in a manner maximizing the return to creditors. Upon the Effective Date and substantial consummation of the Plan, the Debtor's equity shall revest in the current ownership structure and the Debtor will continue business as usual. The Debtor believe this Plan represents the best possible return for Holders of Claims.

The following table summarizes the treatment accorded creditors and shareholders of the Debtor under the Plan:

| Class | Description | Treatment | Entitled to Vote | Est. % Recovery |
|-------|-------------|-----------|------------------|------------------|
|  | Administrative Expense Claims | Unimpaired | No | 100% |
| 1 | US Bank National Assoc | Impaired | Yes | 100% |
| 2 | R. Lawler, S. Charleston & M. Moise | Impaired | Yes | 100% |
| 3 | Equity Interests Dennis Dicker and Kathryn Anderson | Unimpaired | No | N/A |

1

## B. Voting Procedures and Instructions.

In accordance with section 1126(f) of the Bankruptcy Code, only Classes of Claims and Interests that are impaired under a plan may vote to accept or reject a plan. Unimpaired Classes are conclusively presumed to have accepted the Second Amended Plan. A Class is Impaired if the legal, equitable or contractual rights attaching to Claims or Interests in that Class are modified other than by curing defaults and reinstating maturity of obligations or payment in full in Cash.

Ballots for acceptance or rejection of the Second Amended Plan are being provided to the Holders of the Claims in Classes 1 and 2 only. Each Holder of a Claim in Class 1 and 2 should read this Second Amended Disclosure Statement and the Second Amended Plan. After carefully considering this Second Amended Disclosure Statement and the Second Amended Plan, please indicate your vote with respect to the Plan on the enclosed ballot and return such ballot before the Voting Deadline (as defined herein) to: by **United States Postal Service Mail, Overnight Mail or Courier:** If you are asserting more than one Claim, please copy your ballot and return one completed ballot for each Claim. If you are not entitled to vote on the Plan, you will not receive a ballot.

You should complete and sign the enclosed ballot and return such ballot in the envelope provided. Other forms of personal delivery of ballots including overnight delivery service, courier service, and delivery by hand are acceptable. **Facsimile transmissions are not acceptable. Electronic mail transmissions are not acceptable.** If your ballot is damaged or lost, or if you do not receive a ballot to which you are entitled, you may request a replacement by contacting **Gellert Scali Busenkell & Brown LLC, 1201 N. Orange Street, Suite 300, Wilmington, DE 19801, Attn: Michael A. Cataldo, or by telephone 215-238-0015.**

Only actual votes will be counted. A failure to return a ballot will not be counted either as a vote for or against the Second Amended Plan. Improperly completed or late ballots will not

be counted. Any ballot that indicates both an acceptance and rejection of the Second Amended Plan or which does not indicate acceptance or rejection of the Second Amended Plan will not be counted. If a Creditor casts more than one ballot voting the same Claim before the Voting Deadline, the latest dated ballot received before the Voting Deadline will be deemed to reflect the voter's intent and thus to supersede any prior ballots. Creditors entitled to vote must vote all of their Claims within a particular Class under the Second Amended Plan either to accept or reject the Second Amended Plan and may not split their votes within a particular Class; thus, a ballot (or a group of ballots) within a particular Class received from a single Creditor that partially rejects and partially accepts the Second Amended Plan will be deemed to have voted to accept the Second Amended Plan.

### C. Second Amended Disclosure Statement Enclosures.

Accompanying this Second Amended Disclosure Statement are copies of: (i) the Second Amended Plan with Projections (**Exhibit A**); and (ii) Liquidation Analysis (**Exhibit B**). Cyndescope Agreement (**Exhibit C**). In addition, those parties eligible to vote will receive a ballot for voting on the Second Amended Plan.

### D. Confirmation of the Second Amended Plan.

Your vote on the Second Amended Plan is important. For the Second Amended Plan to be accepted, of those parties entitled to vote, the affirmative vote of at least two-thirds (2/3) in dollar amount **and** more than one-half (1/2) in number of the relevant Class is required.

If certain Classes vote against the Second Amended Plan, the Bankruptcy Court may still confirm the Second Amended Plan if the Court finds that the Second Amended Plan does not unfairly discriminate against the impaired class or classes voting against the Second Amended Plan and accords fair and equitable treatment to those impaired class or classes. The Debtor intends to request such a "cramdown" confirmation if any class does not vote in favor of the Second Amended Plan.

3

The Bankruptcy Court has scheduled a hearing on confirmation of the Second Amended Plan for _____ :a.m. (prevailing Eastern time) on _____, 2022 at the United States Bankruptcy Court for the Eastern District Of Pennsylvania, 900Market Street, 2nd Floor, Courtroom #2, Robert C. Nix Courthouse, Philadelphia, Pa 19106, before the Honorable Magdeline D. Coleman, United States Bankruptcy Judge. **Any party in interest may object to confirmation of the Second Amended Plan.** The Bankruptcy Court has directed that objections, if any, to confirmation of the **Second Amended** Plan, be served upon: (i) counsel to the Debtor, Gellert Scali Busenkell & Brown, 1201 N. Orange Street, Stuie 300, Wilmington, DE 19801 (Attention: Michael A. Cataldo); and (ii) the United States Trustee for Region 3, 200 Chestnut Street, Suite 502,Philadelphia, Pa 19106-2912(Attn: Kevin Callahan), on or before **4:00 p.m. (prevailing Eastern Time) on** _____, 2022, in the manner described in the order scheduling hearing on confirmation accompanying the Disclosure Statement. **The Confirmation Hearing may be adjourned from time to time without further notice other than by announcement in open court.**

### E. Recommendations With Respect to the Second Amended Plan.

The Debtor recommends that you accept the Second Amended Plan and the Release by voting your ballot accordingly and timely returning your completed ballot in the pre-printed envelope provided. As of the date hereof, no official committee of unsecured creditors has been appointed.

### F. Disclaimer.

The Bankruptcy Court's approval of this Second Amended Disclosure Statement does not constitute either a guaranty of the accuracy of the information contained herein or an endorsement of the Plan by the Bankruptcy Court. This Second Amended Disclosure Statement is the only document authorized by the Bankruptcy Court to be used in connection with the solicitation of votes accepting the Second Amended Plan. No representations other than those

explicitly set forth in this Second Amended Disclosure Statement are authorized concerning the Debtor, including the value of the assets or the Claims of the Creditors. The information contained in this Second Amended Disclosure Statement is for purposes of soliciting acceptances of the Second Amended Plan and may not be relied upon for any other purposes.

This Second Amended Disclosure Statement contains summaries of certain provisions of the Second Amended Plan, certain statutory provisions, certain documents related to the Second Amended Plan, certain events in the case and certain financial information. Although the Debtor believes that the Second Amended Disclosure Statement and related document summaries are fair and accurate, they are qualified to the extent that they do not set forth the entire text of the Second Amended Plan, such underlying documents, or any statutory provisions. The terms of the Second Amended Plan govern in the event of any inconsistency with this Second Amended Disclosure Statement. All exhibits to the Second Amended Disclosure Statement are incorporated into and are a part of this Second Amended Disclosure Statement as if set forth in full herein. The statements contained in this Second Amended Disclosure Statement are made as of the date hereof, unless otherwise specified, and the Debtor disclaims any obligation to update any such statements after the hearing on the approval of the Second Amended Disclosure Statement. This Second Amended Disclosure Statement has not yet been approved by the Bankruptcy Court and the Bankruptcy Court will consider the adequacy of the Second Amended Disclosure Statement at the Confirmation Hearing.

Except as otherwise specifically noted, the financial information contained herein has not been audited by a certified public accountant and has not necessarily been prepared in accordance with generally accepted accounting principles.

All parties in interest are encouraged to read the entire Second Amended Disclosure Statement carefully, including the Second Amended Plan and other exhibits before deciding to vote either to accept or reject the Plan. Holders of Claims should, however, not construe the contents of this Second Amended Disclosure Statement as providing any legal, business, financial, or tax advice and should consult with their own advisors.

## G. Tax and Other Legal Consequences Disclaimer.

Parties should not construe this Second Amended Disclosure Statement as providing any legal, business, financial or tax advice, and parties should consult with your own legal, business, financial and tax advisors regarding the transactions contemplated by the Second Amended Plan.

## ARTICLE II.
## HISTORY AND BUSINESS BACKGROUND OF THE DEBTOR

1.     **Nature of Business** Financial Investments and Real Estate, LLC, was formed April 5, 2007, in the Commonwealth of Pennsylvania. The LLC is owned by Managing members, Kathryn Anderson, who owns 90 percent of the business, and Dennis Dicker who owns 10 percent of the business. The managing members are husband and wife. The LLC was created to purchase properties for rental or renovation and sale. The business was doing well and at its peak had owned 10-12 properties. However, with Covid and the pandemic business suffered and currently the LLC owns one property, 1203 S. Melville Street, Philadelphia, Pa. ("Property"). The Chapter 11 filing stayed a scheduled sheriff sale of the Property by the mortgagee scheduled for the same morning pursuant to Philadelphia Court of Common Pleas civil action 21-0101662. Other properties that were owned by the LLC were sold or lost through foreclosure prior to the commencement of this Bankruptcy Case. The property was appraised in June 2022 by a licensed appraiser for $350,000.00. Schedule A was

2815698.1/56081

amended consistent with the appraised valuation. The property has a first position mortgage with US Bank National Association. Proof of claim number 4 reflects a balance of $288,372.89 with pre-petition arrears of $75,660.75. There are also judgment liens on the property by three investors. The default Judgment lien entered in favor of Monique Moise, Shadonna Charleston, and Rasheeda Lawler (collectively, the "Judgment Creditors") on February 19, 2020, in the aggregate amount of $162,210.23. Claims have been filed with the bankruptcy court by each Judgment Creditor. Those claims with the judgment rate of interest calculated to the filing date of the Chapter 11 are $174,375.52. There are no other claims filed. The Property was not occupied at the filing of the case. The managing members have contemplated the best use of the Property. The Debtor has decided to pivot and use the Property as an Airbnb. Debtor applied for the license and the lead inspection was conducted and the property passed. The Debtor submitted the returns to obtain the tax clearance. The Debtor expects the license in the near future and will supply to all creditors when obtained.The Property has 3 bedrooms and a bath upstairs along with a finished basement with a bedroom and a bath. The property is located near University City in Philadelphia and the Debtor is marketing the Property on sites such as, apartments.com and Airbnb.com. There is no partnership with health care providers as referenced in the initial Disclosure Statement. However, respite or executive stays are welcome and could increase revenue. Dennis Dicker was to receive a salary in the initial plan for his day-to-day management duties. In the Second Amended Plan he has waived the salary and it is no longer included in the budget. The Amended Budget is attached. With this intended use the Property is projected to generate $3,150 per month. The building can be rented on a room-by-room basis. Pennsylvania law allows two persons per room. At $525 per person/room that yields income of $3,150 per month. The Second Amended Plan to Class 2 creditors are tiered on that basis and projection and repayment terms from Cyndescope. Debtor was required to Amend this Disclosure

Statement to provide details concerning Cyndescope. The Agreement with Cyndescope from January 2022 is attached. Cyndescope commenced payments in August 2022. No collateral was taken as part of the loan. Cyndescope was initially unable to repay its contractual obligation due to revenue loss and cash flow problems during the pandemic. Taking a hardline collection approach would not have benefitted the debtor or its creditors. It is best that Cyndescope remain in business to allow them to generate income to repay the loan as agreed. The usage is deemed the best usage based upon its location and proximity to hospitals, medical facilities, and the University of Pennsylvania.

2.     On May 3, 2022, Debtor was faced with a Sheriff Sale by mortgagee, US Bank National Association on 1203 Melville Street, Philadelphia, Pa 19143. The Chapter 11 stayed the sale to allow Debtor the opportunity to reorganize.

3.     In November 2019 a civil action was commenced by investors Lawler, Charleston and Moise that resulted in a default Judgment entered on February 19, 2020. With the Property unoccupied during the pandemic, Debtor was unable to cure mortgage arrears or make payments to the investors.

4.     Accordingly, the managing members Dennis Dicker and Kathryn Anderson authorized the filing of this Chapter 11 Case to allow the Debtor to come up with a plan and for short term stays to maximize the use and income for the Property.

## A.     Business Operations.

5.     As of May 3, 2022, the company had a mortgage with US Bank National Association of $ 298,617.28 and Judgment liens by the three Judgment Creditors collectively of $162,210.23.

6.     Debtor is marketing the rental on various sites to obtain short-term tenants, in an

Airbnb usage, resume mortgage payments, cure mortgage arrears, and maximize return to creditors. Essentially, it will operate as an Airbnb.

## SIGNIFICANT EVENTS DURING THE BANKRUPTCY

### A. The Debtor as Debtor in Possession.

Since the Petition Date, the Debtor has continued in the possession of its property and in control of its operations pursuant to sections 1107 and 1108 of the Bankruptcy Code. The Debtor has filed the requisite schedules of assets and liabilities and statements required pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rule 1007, as well as the monthly operating reports required pursuant to section 1106 of the Bankruptcy Code, Bankruptcy Rule 2015(a), and the guidelines of the United States Trustee ("UST"). In addition to its regular post-petition expense, the Debtor has remained current with of all U.S. Trustee Fees as those fees have come due in the ordinary course. A motion for relief by the mortgagee on August 23,2022 was denied with conditions imposed by the court that required the debtor to tender post-petition payments by August 31, 2022, which was done by the debtor. Debtor was required to provide proof of insurance and that condition was also met. Debtor also was required to stay current thereafter subject to a certification of default if that condition is not met. A hearing on the original Disclosure Statement was heard on September 7, 2022, subject to argument concerning the Objection by the three (3) judgment creditors. The Court ordered an Amended Disclosure Statement by September 28, 2022, addressing the objections raised. Debtor along with this Amended Disclosure Statement filed an Amended Plan. It was further ordered that any Objection to the Amended Disclosure Statement be filed by October 19, 2022, and the Hearing on the Amended Disclosure Statement be held October 26, 2022. An Objection to the Amended Disclosure Statement was filed by the Judgment creditors on October 19, 2022. Counsel for the Debtor and Judgment creditor communicated prior to the hearing on the Amended Disclosure Statement and agreed upon changes to the Amended Disclosure Statement and the Amended Plan which were relayed to the Court at the October 26, 2022, hearing. The Second Amended Plan and

9

Second Amended Disclosure Statement were required by November 23, 2022. The Hearing for Approval of the Second Amended Disclosure Statement is November 30, 2022.

Employment of Professionals During the Case.

The Debtor retained Gellert Scali Busenkell & Brown LLC pursuant to a retainer agreement to prepare the bankruptcy filings. An Order approving the initial Fee Application was entered October 26, 2022.

**B.      Claims Bar Dates.**

The general claims deadline to file Proofs of Claims was July 22, 2022.  For governmental units, the deadline to file was July 22, 2022.

**C.      Deadline To File Administrative and/or Rejection Damages Proofs of Claims.**

As set forth in the Second Amended Plan, following the entry of an order confirming the Second Amended Plan, creditors asserting Administrative Claims will  have thirty (30) days by which they must file Proofs of Claim (the "<u>Administrative Claim Bar Date</u>"). Creditors asserting claims arising from the rejection of Executory Contracts/Unexpired Leases under the Second Amended Plan must file Proofs of Claim within thirty (30) days following confirmation of the Second Amended Plan (the "<u>Rejection Damages Bar Date</u>" together with the Administrative Claim Bar Date, the "<u>Second Amended</u> <u>Plan Claims Bar Dates</u>").

Notice of the Second Amended Plan Claims Bar Dates will be served with the order confirming the Second Amended Plan upon all known Creditors of the Debtor, applicable taxing and government authorities and all parties who  entered appearances in the Chapter 11 Cases.

# ARTICLE IV.
## FINANCIAL STATUS

**A.     The Debtor's Liabilities.**

The below summarizes total asserted claims against the Debtor as of the date hereof. **Inclusion of claims in the total amount of asserted liabilities is not an admission as to the allowance or classification of any claim.**

### Secured Claims

The Debtor has four secured creditors. The mortgage on the property and the three Judgment Creditors.

### Priority Claims

The Debtor has no priority claims.

### Unsecured Claims

The Debtor has no unsecured claims.

**B.     The Debtor's Assets.**

As of July 23, 2022, the Debtor had the following:

1.     <u>Bank Accounts</u>. Citizens Bank, Account xxx7669, with a minimal balance in a DIP account. That balance will fluctuate with operations.

2.     <u>Loan owed to LLC</u>. The Debtor has a loan due from Cyndescope in the approximate amount of $300,000.00. Recently the borrower Cyndescope has agreed to pay $1,500 to $6,000 per month as reflected on the budget projections, toward the loan until it is satisfied. The written agreement is attached.

3.     <u>Other Assets</u>. The Debtor's real estate has a valuation of $350,000.

2815698.1/56081

# ARTICLE V.
## DESCRIPTION OF THE SECOND AMENDED PLAN

### A. Introduction.

This section summarizes the salient provisions of the Second Amended Plan. The Second Amended Plan is annexed to this Second Amended Disclosure Statement as <u>Exhibit A</u>. Parties are encouraged to review the Second Amended Plan in its entirety for a full understanding of its provisions and impact on Creditors and Interest Holders. Under the Second Amended Plan, all Claims and all interests except Administrative Claims, U.S. Trustee Fees, and Professional Fee Claims are placed into the Classes set forth below. A Claim or Interest is placed in a particular Class only to the extent that the Claim or Interest falls within the description of that Class and is classified in other Classes to the extent that any portion of such Claim or Interest falls within the description of such other Classes. A Claim or Interest is also placed in a particular Class for the purpose of receiving distributions pursuant to the Second Amended Plan only to the extent that such Claim or Interest is an Allowed Claim or Interest in that Class and such Claim has not been paid, discharged, released or otherwise settled prior to the Effective Date.

**Unclassified Claims.** Unclassified Claims are not impaired by the Second Amended Plan. Each Holder of an Unclassified Claim is conclusively presumed to have accepted the Second Amended Plan and, therefore, is not entitled to vote to accept or reject the Second Amended Plan. The following are the unclassified Claims: Administrative Expense Claims, U.S. Trustee Fees, and Professional Fee Claims.

**Unimpaired Classes.** Class 3 (Equity Interests) are unimpaired under the Second Amended Plan.

**Impaired Classes of Claims and Interests.** Class 1 (Mortgage Claim #4) and Class 2 Creditors (Judgment Creditors claim #1-3) are impaired under the Second Amended Plan.

### B. Treatment of Unclassified Claims.

The Second Amended Plan provides for the following treatment of Unclassified Claims:

**Administrative Expense Claims.** The legal and equitable rights of the holders of Administrative Expense Claims are unaltered by the Second Amended Plan. As soon as reasonably practicable after the later of (i) the Effective Date, or (ii) the date on which such Administrative Expense Claim becomes an Allowed Administrative Expense Claim or Priority Claim, the Debtor shall pay to each Holder of an Allowed Administrative Expense Claim from the Estate Assets, in full satisfaction, settlement and release of and in exchange for such Allowed Administrative Expense Claim (A) Cash equal to the amount of such Allowed Administrative Expense Claim, or (B) such other treatment as to which the Debtor and the Holder of such Allowed Administrative Expense Claim shall have agreed upon.

**Bar Dates for Administrative Expense Claims.** The Confirmation Order will establish an Administrative Expense Claims Bar Date for filing Administrative Expense Claims, which date will be thirty (30) days after the entry of the Confirmation Order, unless otherwise ordered by the Bankruptcy Court. Holders of Administrative Expense Claims that are subject to the Administrative Expense Claims Bar Date shall submit requests for payment on or before such Administrative Expense Claims Bar Date or forever be barred from submitting any request on account of such Administrative Expense Claim.

**Applications for Professional Fees.** All applications by Professionals for compensation and reimbursement of expenses in connection with the Case prior to the Effective Date are Administrative Expense Claims and shall be filed with the Bankruptcy Court within forty-five (45) days after the Effective Date. Any such application not filed within forty-five (45) days after the Effective Date shall be deemed waived and the Holder of such Claim shall be forever barred from receiving payment on account thereof.

**U.S. Trustee Fees.** All unpaid U.S. Trustee Fees incurred before this Chapter 11 Case is closed by the Bankruptcy Court shall be timely paid by the Debtor no later than thirty (30)

days after the Effective Date or when such U.S. Trustee Fees come due in the ordinary course.

C.     **Treatment of Classified Claims and Interests.**

The Second Amended Plan provides for the following treatment of Claims in the following Classes:

**Class 1 (US National Mortgage Association Claim)**. Debtor will remain current with regular monthly mortgage payments beginning June 1, 2022. The regular monthly mortgage payment is currently $2,182.72. Debtor will cure the allowed pre-petition arrears over five (5) years, in equal monthly installments of $1,261.01 beginning on the effective date, thirty (30) days after confirmation. The Debtor hereby incorporates the Order Denying Relief with Conditions as if fully set forth herein at length. US Bank National Association is impaired and therefore is entitled to vote on the Second Amended Plan.

**Class 2 (Secured Judgment Claims)**. Class 2 consists of the Secured Claims against the Debtor by the three (3) individual investors/judgment creditors, Monique Moise (claim#1), Shadonna Charleston (claim #2) and Rasheeda Lawler (claim #3). The Debtor's original plan was to pay these creditors a total of $1,500 per month for sixteen (16) months and then $3,500 per month for 48 months for a total of $192,000 (64 Months Total) effective and due starting 30 days after confirmation and continuing monthly thereafter. The payments are to be pro-rated among the three (3) Judgment Creditors. Debtor had filed with the Amended Disclosure Statement filed, an Amended Plan. The Amended Plan still was paying $1,500 per month for 16 months. During the $1,500 per month period creditor Moise receives $946, Charleston $300 and Lawler $255 per month. The remaining 44 months was amended to require $4,088.50 per month. During the $4,088.50 per month Moise receives $2,575.76 and Charleston $817.70 and Lawler $695.04 per month. The total paid to the three Judgment Creditors is $203,894 (60 Months Total) which represents their full claim with 6 percent statutory rate of interest. This payment plan was changed in the Second Amended Plan to pay the post-petition attorney fees pursuant to the note and the judgment permitting reasonable attorney fees. Those fees will be paid in equal monthly installments for months 61-63. If Cyndescope pre-pays the loan due to the Debtor, then those

14

funds will be remitted in their entirety or to the extent necessary to satisfy the remaining claim amounts at that time. If that occurs interest over the life of the plan will be re-calculated to reflect the reduced interest due to pre-payment. Debtor reserves the right to contest the reasonableness of any fees and costs incurred by the judgment creditors. The Judgment Creditors will retain their lien on the Property, 1203 S. Melville Street Philadelphia, Pa, until all required payments have been made in full. Upon completion of the plan payments the judgment will be satisfied in full against all defendants. The Judgment Creditors will stay all collection efforts against the Debtor if Debtor is complying with these terms. There is no co-debtor stay. Post-Petition Attorney fees incurred by the judgment creditors of $12,264  shall be paid by debtor in months 61-63 of the Second Amended Plan in equal monthly installments of $4,088.50. If Debtor defaults on the terms of this Plan, then Judgment Creditors shall have the immediate right to file, and serve upon the Debtor and its counsel, a certification of default ("Certification") stating the basis for the default. Upon the filing of Certification, any stay or injunction pursuant to the Bankruptcy Code and/or Plan, shall terminate and the Judgment Creditors may immediately thereafter herein relief will be granted to allow the Judgment creditors to  be permitted to pursue all rights and remedies under state law against the Debtor and co-Defendants.

Class 3 (Equity Interests).   Class 3 consists of all Equity Interests in each Debtor.  Holders of Class 8 Interests will receive no distribution on account of such Interests in the Debtor; however, upon satisfying all Plan obligations due in the Second Amended Plan, all Interests in the Debtor shall revest in the current ownership.[2]  The Holders of Interests in Class 3 are not entitled to vote to accept or reject the Second Amended Plan.

Classes Entitled to Vote. Each Holder of an Allowed Claim in Classes 1 and 2 is entitled to vote separately to accept or reject the Second Amended Plan.  Only those votes cast by Holders of Allowed Claims shall be counted in determining whether acceptances have been

received in sufficient number and amount to obtain confirmation. Classes 3 is unimpaired and are conclusively deemed to have accepted the Second Amended Plan and are not entitled to vote.

**Acceptance by Impaired Classes of Claims.** An Impaired Class of Claims shall have accepted the S e c o n d  A m e n d e d  Plan if (a) the Holders (other than any Holder designated under section 1126(e)) of the Bankruptcy Code of at least two-thirds in amount of the Allowed Claims actually voting in such Class have voted to accept the Second Amended Plan and (b) the Holders (other than any Holder designated under 1126(e) of the Bankruptcy Code) of more than one-half in number of the Allowed Claims actually voting in such Class have voted to accept the Second Amended Plan.

**Cramdown.** If each Impaired Class of Claims does not accept the Second Amended Plan, the Debtor requests Confirmation of the Second Amended Plan under section 1129(b) of the Bankruptcy Code. The Debtor reserves the right to modify the Second Amended Plan to the extent, if any, that Confirmation pursuant to section 1129(b) of the Bankruptcy Code requires modification or for any other reason in its discretion.

## D. Implementation of the Second Amended Plan.

The following provisions govern implementation of the Second Amended Plan after the Confirmation Date.

**Continuing Duties of the Reorganized Debtor.** The Reorganized Debtor shall take all action necessary and appropriate to effectuate the terms of the Second Amended Plan.

**Continued Corporate Existence**. Except as otherwise provided in the Second Amended Plan, the Debtor shall continue to exist after the Effective Date as the same corporate entities as prior to the Petition Date, with all the powers of a corporation, pursuant to the applicable law in the jurisdiction in which such Debtor is incorporated or formed and pursuant to the certificate of incorporation and bylaws (or other formation documents) in effect prior to the Effective Date,

2815698.1/56081

without prejudice to any right to terminate such existence (whether by merger or otherwise) or to modify such documents under applicable law on or after the Effective Date.

**Effectuating Documents; Further Transactions**. Debtor and Reorganized Debtor, and its members and designees, are authorized to execute, deliver, file, or record such contracts, instruments, releases, indentures, and other agreements or documents, and take such actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of this Second Amended Plan, or to otherwise comply with applicable law.

**Revesting of Instruments and Stock.** On the Effective Date all Interests in the Debtor, including any and all membership ownership shall not be cancelled, but rather they will be revest with the current holders of such interests in the form and manner of their existence prior to the Petition Date.

**Post-Effective Date Board of Advisors and Management**. From and after the Effective Date, the Reorganized Debtor's managing members shall remain in their current positions.

## E. Provisions Governing Distributions Generally.

**Reorganized Debtor as Disbursing Agent**. The Reorganized Debtor shall be the disbursing agent and shall make all distributions under the Second Amended Plan.

**Manner of Payment**. Any payment of Cash under the Second Amended Plan may be made either by check drawn or by wire transfer from a domestic bank, at the option of the Reorganized Debtor.

**Transmittal Of Distributions to Parties Entitled Thereto**. All distributions by check shall be deemed made at the time such check is deposited in the United States mail, postage prepaid. Any distributions by wire transfer shall be deemed made as of the date of the wire transfer is made. Except as otherwise agreed with the Holder of an Allowed Claim in respect thereof or provided in the Plan, any distribution required under the Plan on account of an Allowed

2815698.1/56081

Claim, shall be mailed to (i) the latest mailing address filed for the Holder of an Allowed Claim entitled to a distribution, (ii) the latest mailing address filed for a Holder of a filed power of attorney designated by the Holder of such Claim to receive distributions, (iii) the latest mailing address filed for the Holder's transferee as identified in a filed notice served on the Debtor pursuant to Bankruptcy Rule 3001(e), or (iv) if no such mailing address has been filed, the mailing address reflected on the Schedules or in the Debtor's books and records. The Holder of a Claim shall be required to promptly notify the Debtor and the Court of any change in their mailing address.

**Distribution of Unclaimed Property**. Except as otherwise provided in the Plan, any distribution under the Plan which is unclaimed after three (3) months following any distribution date shall be forfeited, and such distribution, together with any interest earned thereon, and shall return to and revest in the Reorganized Debtor.

**Saturday, Sunday or Legal Holiday**. If any payment or act under the Plan is required to be made or performed on a date that is not a Business Day, then the making of such payment or the performance of such act may be completed on the following Business Day but shall be deemed to have been completed as of the required date.

**Setoffs and Recoupment**. Subject to the terms of the Plan and pursuant to section 553 of the Bankruptcy Code or applicable non-bankruptcy law, the Debtor or Reorganized Debtor, may but shall not be required to, setoff against or recoup from any Claim on which payments are to be made pursuant to the Plan, any Claims of any nature whatsoever the may have against the Holder of such Claim; provided, however, that neither the failure to do so nor the allowance of any Claim shall constitute a waiver or release by the Debtor or Reorganized Debtor, as appropriate, of any such claims the Debtor or Reorganized Debtor may have against such Claim, whether before or after the entry of the Confirmation Order.

**Withholding or Other Taxes**. The Reorganized Debtor shall be entitled, but are not directed, to deduct any federal, state or local withholding or other taxes from any

distributions under this Plan. As a condition to making any distribution under this Plan, all Holders of Allowed Claims shall provide the Reorganized Debtor with such Holder's taxpayer identification number and such other information or certification as the Reorganized Debtor may deem reasonably necessary to comply with applicable tax reporting and/or withholding laws or regulations. If a Creditor fails to provide the Reorganized Debtor with their taxpayer identification number after a request, the Creditor shall be deemed to have forfeited their right to a distribution under this Plan without further Order of the Bankruptcy Court.

**Fractional Cents.** Notwithstanding any other provisions of the Plan to the contrary, no payment of fractional cents will be made under the Plan. Cash will be issued to Holders entitled to receive a distribution of Cash in whole cents (rounded to the nearest whole cent when and as necessary).

**Administrative Claim Bar Date**. Except as otherwise set forth herein, creditors asserting administrative claims against the Debtor's estates shall have until thirty (30) days following the entry of an order confirming the Plan to file its claim with the Court. Claims filed thereafter will be deemed late and therefore will not be allowed.

**Allowance of Claims**. Except as expressly provided in the Plan, no Claims shall be deemed allowed by virtue of the Plan or the Confirmation Order unless and until such Claim is deemed allowed under the Bankruptcy Code, or the Bankruptcy Court enters a Final Order in the Bankruptcy Case allowing such Claim. Notwithstanding the foregoing, any Claim included in the Debtor's Schedules that is not listed as contingent, unliquidated, and/or disputed shall be an Allowed Claim. Any Proof of Claim Filed in an unliquidated amount shall be deemed allowed in the amount listed in the Debtor's Schedules as liquidated, not contingent and not disputed. The allowance and disallowance of Claims shall be in all respects subject to the provisions of section 502 of the Bankruptcy Code.

**Disallowance of Claims**. To the extent provided in Section 502(d), all Claims held by Persons against whom the Debtor or Reorganized Debtor, as appropriate, have filed or

commenced (a currently pending), or may in the future file or commence a Claim or Cause of Action under sections 522(f), 522(h), 542, 543, 544, 547, 548, 549, 550, 551, 553 or 724(a) of the Bankruptcy Code shall be deemed disallowed pursuant to section 502(d) of the Bankruptcy Code, and Holders of such Claims may not vote to accept or reject the Plan until such time as such filed or commenced Claims or Causes of Action against the Person have either been: (i) settled and all sums due the Debtor by that Person turned over to the Debtor; or (ii) an order permitting a vote to accept or reject the Plan is entered by the Bankruptcy Court. The Holders of any and all Claims Filed with the Bankruptcy Court after the deadline for the filing of or request for payment on such Claim shall be deemed disallowed without further action by the Debtor and without any further notice to or action, order, or approval of the Bankruptcy Court, and Holders of such Claims may not vote to accept or reject the Plan or be entitled to any distribution, unless otherwise allowed by Final Order of the Bankruptcy Court.

**Prosecution of Objections to Claims**. The Debtor shall have standing and the right to commence and pursue objections to Claims, and the Reorganized Debtor shall have such standing after the Effective Date. All objections to Claims shall be filed with the Bankruptcy Court by the Claim Objection Deadline and served upon the Holders of each of the Claims to which objections are made. The Debtor shall have the right, after notice and a hearing, to seek an extension of the Claim Objection Deadline and such an extension shall not be deemed a material modification of the Plan.

**Objections to Claims**. An objection to the allowance of a Claim shall be in writing and shall be filed with the Bankruptcy Court by the Debtor or Reorganized Debtor. Except as set forth herein, nothing herein, in the Confirmation Order or in any Order in aid of Confirmation, shall constitute, or be deemed to constitute, a waiver or release of any Claim, Cause of Action, Avoidance Action, right of setoff or recoupment or other legal or equitable defense which the Debtor had immediately prior to the commencement of the Bankruptcy Case against or with respect to any Claim. Except as set forth herein, upon Confirmation, the

Debtor and Reorganized Debtor shall have, retain, reserve and be entitled to assert all such Claims, Causes of Action, rights of setoff and recoupment and other legal or equitable defenses which the Debtor had immediately prior to the commencement of the Bankruptcy Cases against or with respect to any Claim.

**Late Claims.** Any Claim filed after the Bar Date shall be unenforceable unless the Claimant has been granted an extension of time to file a Claim by the Bankruptcy Court and such entity shall not be treated as a creditor or Claimant for the purposes of voting or distributions with respect to the Plan. Unless otherwise expressly ordered by the Bankruptcy Court, any such late-filed Claim shall not be entered on the official claims register, shall be deemed disallowed and expunged and the Claimant shall receive no distribution under the Plan.

**Controversy Concerning Impairment**. If a controversy arises as to whether any Claims or any Class of Claims or Interests are Impaired under the Plan, the Bankruptcy Court, after notice and a hearing, shall determine such controversy on or before the Confirmation Date.

**F.  Treatment of Executory Contracts and Unexpired Leases.**

**Executory Contracts and Unexpired Leases Deemed Rejected.** All of the Debtor's executory contracts and unexpired leases shall be deemed assumed on the Effective Date of the Plan except to the extent (a) the Debtor previously rejected the executory contract or unexpired lease or (b) prior to the Effective Date, the Debtor filed a motion to reject an executory contract or unexpired lease on which the Bankruptcy Court has not ruled.

**G.  Conditions Precedent to Confirmation of the Second Amended Plan and Effective Date.**

**Conditions Precedent to Confirmation of the Second Amended Plan**. The following are conditions precedent to confirmation that must be satisfied, or waived in accordance with section 9.1 of the Plan:

(i)     The final version of the Second Amended Plan and all of the schedules, documents and exhibits thereto shall have been filed in form and substance acceptable to the Debtor in its sole discretion.

21

(ii)     The Confirmation Order shall approve in all respects the provisions, terms and conditions of the Second Amended Plan and shall be in a form and substance acceptable to the Debtor in its sole discretion; and

(iii)    The Debtor shall be in compliance with the Budget.

**Conditions Precedent to Effective Date**. The following are conditions precedent to the Effective Date that must be satisfied or waived in accordance with section 9.2 of the Plan:

(i)     The Confirmation Date shall have occurred.

(ii)    The Confirmation Order shall have become a Final Order in form and substance acceptable to the Debtor in its sole discretion.

(iii)   The Debtor shall be in compliance with the Budget; and

(iv)    The Administrative Claim Bar Date and the Rejection Damages Bar Date shall have passed.

**Waiver of Conditions Precedent**. The Debtor may waive any of the conditions precedent to confirmation or the Effective Date at any time, without notice and without further action, order, or approval of the Bankruptcy Court except those conditions listed in section 9.2(a) and (b) of the Plan.

**Effect of Non-Occurrence of Conditions To The Effective Date**. Each of the conditions to the Effective Date must be satisfied or waived by the Debtor and the Effective Date must occur within ninety (90) days of Confirmation, or by such later date established by Final Order. If the Effective Date has not occurred within ninety (90) days of Confirmation, then upon motion by a party in interest (including the Debtor) made before the Effective Date and a hearing, the Confirmation Order may be vacated by the Bankruptcy Court; provided, that notwithstanding the filing of such motion to vacate, the Confirmation Order may not be vacated if the Effective Date occurs before the Bankruptcy Court enters a Final Order granting such motion. If the Confirmation Order is vacated, then except as provided in any Final Order vacating the

Confirmation Order, the Plan will be null and void in all respects, and nothing contained in the Plan or Disclosure Statement shall: (1) constitute a waiver or release of any Claims, Interests, or Causes of Action; (2) prejudice in any manner the rights of the Debtor or any other Person; or (3) constitute an admission, acknowledgment, offer, or undertaking of any sort by the Debtor or any other Person.

## H.     Effects of Confirmation.

The Plan provides that Confirmation will have the following effects on the Estate and Creditors.

**Authority to Effectuate the Second Amended Plan**.  Upon the Effective Date, those matters provided to be done under the Plan shall be deemed to be authorized and approved without the requirement of further approval from the Bankruptcy Court or the Debtor.  The Debtor shall be authorized, without further application to or order of the Bankruptcy Court, to take whatever action necessary to achieve consummation and carry out the Plan and to effectuate the issuance of new shared and other transactions provided for thereunder.

**Transfer Taxes Not Applicable**.  Pursuant to section 1146(a) of the Bankruptcy Code, any transfers of property pursuant to the Plan shall not be subject to any document recording tax, stamp tax, conveyance fee, intangible or similar tax, mortgage tax, transfer tax, recording tax, or other similar tax or governmental assessment, and upon entry of the Confirmation Order, the appropriate state or local governmental officials or agents shall forgo the collection of any such tax or governmental assessment and accept for filing and recordation any documents related to the Sale of the Assets without the payment of such tax, recordation fee, or governmental assessment.

**Discharge of Debtor**.  Upon the completion of all payments provided for under this Plan, the Debtor shall be discharged pursuant to Code §1141(d) of all debts provided for in the Plan, whether evidenced by a Proof of Claim filed or scheduled by the Debtor in these Cases.  The

Debtor or Reorganized Debtor reserve the right to request, upon such notice as may be necessary under the circumstances, and after a hearing, that the Court grant the Debtor an earlier discharge for cause.

**Binding Effect**. Except as otherwise expressly provided in the Plan, on and after the Effective Date, the Plan shall bind all Holders of Claims and Interests, whether or not such Holders voted to accept or reject the Plan.

## I. Retention of Jurisdiction.

Under Bankruptcy Code sections 105(a) and 1142, and notwithstanding entry of the Confirmation Order and occurrence of the Effective Date, the Bankruptcy Court shall retain exclusive jurisdiction over all matters arising out of, and related to, the Case, the Plan and the Disclosure Statement to the fullest extent permitted by law, including, among other things, jurisdiction to:

(a) allow, disallow, determine, liquidate, classify, estimate or establish the priority or secured or unsecured status of any Claim, including the resolution of any application or request for payment of any Administrative Expense Claim, and the resolution of any objections to the allowance of priority of Claims.

(b) allow, disallow, determine, liquidate, classify, estimate or establish the priority or secured or unsecured status of any Claim, including the resolution of any application or request for payment of any Administrative Expense Claim, and the resolution of any objections to the allowance or priority of Claims.

(c) hear and determine all Professionals' applications for compensation and reimbursement of expenses incurred in the Bankruptcy Case.

(d) determine all adversary proceedings, motions, applications, and contested or

litigated matters and consider and act upon the compromise and settlement of any Claim against the Estates.

(e)     enter such orders as may be necessary or appropriate to execute, implement, or consummate the provisions of the Plan and all contracts, instruments, releases, and other agreements or documents created in connection therewith.

(f)     hear and determine disputes arising in connection with the interpretation, implementation, consummation, or enforcement of the Plan, including disputes arising under agreements, documents or instruments executed in connection therewith.

(g)     consider any modifications of the Plan, cure any defect or omission, or reconcile any inconsistency in any order of the Bankruptcy Court, including, without limitation, the Confirmation Order.

(h)     issue injunctions, enter and implement other orders, or take such other actions as may be necessary or appropriate to restrain interference by any Person with the implementation, consummation, or enforcement of the Plan or the Confirmation Order.

(i)     hear and determine any matters arising in connection with or relating to the Plan, the Disclosure Statement, the Confirmation Order, or any contract, instrument, release, or other agreement or document created in connection with the Plan, the Disclosure Statement, the Confirmation Order.

(j)     enforce all orders, judgments, injunctions, releases, exculpations, indemnifications, and rulings entered in connection with the Bankruptcy Case.

(k)     hear and determine matters concerning state, local, and federal taxes in accordance with sections 346, 505 and 1146 of the Bankruptcy Code.

2815698.1/56081

(l)    hear and determine all matters related to the property of the Estate or the Debtor from and after the Effective Date.

(m)    hear and determine such other matters as may be provided in the Confirmation Order and as may be authorized under the provisions of the Bankruptcy Code; and

(n)    enter a final decree closing the Bankruptcy Case.

## J.    Miscellaneous Provisions of the Second Amended Plan.

**Reports**.    Until a Final Decree is entered, the Debtor shall submit all post-confirmation quarterly reports to the United States Trustee as required by the United States Trustee guidelines (with a copy served on the Office of the United States Trustee) setting forth all receipts and disbursements of the Debtor.  The first report shall be filed within thirty (30) days after the end of the quarter in which the Effective Date occurs.  The Reorganized Debtor shall be responsible to request that a Final Decree be entered in this Bankruptcy Case.  Notwithstanding anything to the contrary in this Plan, the Debtor or Reorganized Debtor shall also be responsible for the timely payment of any and all quarterly fees due to the United States Trustee until the Bankruptcy Case is closed, dismissed, or converted.

**Severability of Plan Provisions.**  If, prior to Confirmation, any term or provision of the Plan is held by the Bankruptcy Court to be invalid, void or unenforceable, the Bankruptcy Court, on its own motion or at the request of the Debtor or Reorganized Debtor, shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void or unenforceable, and such term or provision shall then be applicable as altered or interpreted. Notwithstanding any such holding, alteration or interpretation, the remainder of the terms and provisions of the Plan shall remain in full force and effect and shall in no way be affected, impaired

or invalidated by such holding, alteration or interpretation. The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of the Plan, as it may be altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.

**Allocation of Plan Distributions between Principal and Interest.** To the extent that any Allowed Claim entitled to a distribution under the Plan is comprised of indebtedness and accrued but unpaid interest thereon, unless otherwise agreed by the Debtor and the respective Claimant, such distribution shall, for federal income tax purposes, be allocated to the principal amount of the Claim first, and then, to the extent the consideration exceeds the principal amount of the Claim, to accrued but unpaid interest.

**No Interest.** Except as expressly stated in this Plan, or allowed by Final Order of the Bankruptcy Court, no interest, penalty or late charge is to be allowed on any Claim subsequent to the Petition Date.

**Confirmation Over Objection.** If any Impaired Class of Creditors shall fail to accept the Plan, the Debtor reserve the right to request that the Bankruptcy Court confirm the Plan in accordance with the applicable provisions of section 1129(b) of the Bankruptcy Code.

**Notices.** All notices, requests or demands for payments provided for in the Plan shall be in writing and shall be deemed to have been given when personally delivered by hand or deposited in any general or branch post office of the United States Postal Service. Notices, requests and demands for payments shall be addressed and sent postage pre-paid or delivered in the case of notices, requests or demands for payments to the following:

*To the Debtor and/or Reorganized Debtor:*     Gellert Scali Busenkell & Brown
                                                1201 N. Orange Street, Suite 300
                                                Wilmington, DE 19801
                                                Attention: Michael A. Cataldo
                                                mcataldo@gsbblaw.com


*To the United States Trustee:*                 United States Trustee Andrew Varra
                                                Attn: Kevin Callahan
                                                200 Chestnut Street
                                                Suite 502
                                                Philadelphia, Pa 19106-2912
                                                Kevin.P.Callahan@usdoj.gov

**The Second Amended Plan Controls the Second Amended Disclosure Statement**.

Notwithstanding anything to the contrary contained herein or in the Plan, in the event and to the

extent that any provision of the Plan is inconsistent with any provision of the Second Amended

Disclosure Statement, the provisions of the Second Amended Plan shall control and take

precedence.

**Filing of Additional Documents**.  Prior to the Effective Date, the Debtor may file

with the Bankruptcy Court such agreements or other documents as may be necessary or appropriate

to effectuate and further evidence the terms and conditions of the Plan that are not inconsistent with

the terms of the Plan.  On or after the Effective Date, the Debtor may file with the Bankruptcy

Court such agreements or other documents as may be necessary or appropriate to effectuate the

terms and conditions of this Plan.

**Reservation of Rights**.  If the Plan is not confirmed by the Bankruptcy Court or any

other Court of competent jurisdiction for any reason, the rights of the Debtor and all parties in

interest in the Bankruptcy Case shall and will be reserved in full.  Statements and provisions made

in the Plan or in the Second Amended Disclosure Statement are made only for the purpose(s) of the

Plan.  If the Plan is withdrawn, the Confirmation Order is not entered, or if the Effective Date does

not occur, no Person shall be bound by or deemed prejudiced by any such statement or provision.

**Rules of Interpretation; Computation of Time.**  For purposes of the Plan, (a) any reference in the Plan to a contract, instrument, release, indenture, or other agreement or document as being in a particular form or containing particular terms and conditions means that such document shall be substantially in such form or substantially on such terms and conditions, (b) any reference in the Plan to an existing document or exhibit filed or to be filed means such document or exhibit as it may have been or may be amended, modified, or supplemented, (c) unless otherwise specified, all references in the Plan to Sections, Articles, and Exhibits, if any, are references to Sections, Articles, and Exhibits of or to the Plan, (d) the words "therein" and "thereto" refer to the Plan in its entirety rather than to a particular portion of the Plan, (e) captions and headings to Articles and Sections are inserted for convenience of reference only and are not intended to be a part of or to affect the interpretation of the Plan, and (f) the rules of construction set forth in section 102 of the Bankruptcy Code and in the Bankruptcy Rules shall apply.  In computing any period of time prescribed or allowed by the Plan, unless otherwise specifically designated therein, the provisions of Bankruptcy Rule 9006(a) shall apply.

**Direction to a Party**.  From and after the Effective Date, the Debtor may apply to the Bankruptcy Court for the entry of an order directing any Person to execute or deliver or to join in the execution or delivery of any instrument or document reasonably necessary or reasonably appropriate to effect a transfer of properties dealt with by this Plan, and to perform any other act (including the satisfaction of any lien or security interest) that is reasonably necessary or reasonably appropriate for the consummation of the Plan.

**Successors and Assigns**.  Unless otherwise provided in the Plan, the rights, duties and obligations of any Person named or referred to in this Plan, including all Creditors, shall be

2815698.1/56081

binding on, and shall inure to the benefit of, the successors and assigns of such Person.

**Compliance with Tax Requirements**.  In connection with the Plan, the Debtor shall comply with all withholding and reporting requirements imposed by Federal, State, local or foreign taxing authorities.  Under section 1146(a) of the Bankruptcy Code and applicable Pennsylvania law, the issuance, transfer, or exchange of a security, or the making or delivery of an instrument of transfer under the Plan shall not be taxed under any law imposing a stamp tax or similar tax.

**Post-Effective Date Professional Fees**.  The reasonable fees and actual and necessary expenses incurred after the Effective Date by professionals for the Debtor shall be paid by the Debtor or Reorganized Debtor upon the submission of an invoice to the Debtor or Reorganized Debtor without the need for further notice to any Person or approval by the Bankruptcy Court.

**Governing Law.**  Unless a rule of law or procedure is supplied by federal law, including the Bankruptcy Code and Bankruptcy Rules, (a) the construction and implementation of the Plan and any agreements, documents, and instruments executed in connection with the Plan, and (b) governance matters shall be governed by the laws of the Commonwealth of Pennsylvania, without giving effect to the principles of conflict of law thereof.

## ARTICLE VI.
## <u>MODIFICATION OF THE SECOND AMENDED PLAN</u>

The Debtor may alter, amend, or modify the Plan or any exhibits thereto under Bankruptcy Code section 1127(a) at any time prior to the Confirmation Date.  After the Confirmation Date and prior to substantial consummation of the Plan, the Debtor may, under Bankruptcy Code section 1127(b), institute proceedings in the Bankruptcy Court to remedy any defect or omission or

2815698.1/56081

reconcile any inconsistencies in the Plan, the Disclosure Statement, or the Confirmation Order, and such matters as may be necessary to carry out the purposes and effects of the Plan so long as such proceedings do not materially or adversely affect the treatment of holders of Claims or Interests under the Plan; provided, however, prior notice of such proceedings shall be served in accordance with the Bankruptcy Rules or Order of the Bankruptcy Court.

## ARTICLE VII.
## <u>CONCLUSION</u>

Based on the information in this Second Amended Disclosure Statement, the Debtor believes that  confirmation of the Second Amended Plan is in the best interests of the Debtor, its Estate and holders of Claims against and Interests in the Debtor.  Accordingly, the Debtor asks that Creditors entitled to vote  cast their ballots in favor of the Second Amended Plan and return the enclosed ballot as described above.

2815698.1/56081

## RECOMMENDATION

THE DEBTOR RECOMMENDS THAT YOU VOTE TO "ACCEPT" THE SECOND AMENDED PLAN. THE DEBTOR BELIEVES THAT CONFIRMATION OF THE PLAN IS PREFERABLE.TO ANY OF THE ALTERNATIVES DESCRIBED ABOVE AND THAT THE PLAN IS DESIGNED TO PROVIDE GREATER RECOVERIES THAN THOSE AVAILABLE IN ANY FORM OF LIQUIDATION. THE DEBTOR BELIEVES THAT ANY OTHER ALTERNATIVE WOULD CAUSE SIGNIFICANT DELAY AND UNCERTAINTY, AS WELL AS ADDITIONAL ADMINISTRATIVE COSTS.

Dated: November 30, 2022

/s/ _____
Kathryn Anderson, Managing Member

/s/ _____
Dennis Dicker, Managing Member

**GELLERT SCALI BUSENKELL & BROWN, LLC**

*/s/ Michael A. Cataldo*
Michael A. Cataldo, Esquire (No. 49431)
1628 JFK Blvd, Suite 1901
Philadelphia, Pa 19103
Tel.: (215) 238-0015
    mcataldo@gsbblaw.com

*Counsel to the Debtor and Debtor in Possession*

32